EDWIN R. KIRK v. CHARLES L. RICKERSON.

1. The defence of usury arising under the law of another state, must, by force of the Practice act, be specially pleaded.
2. In such plea, the contract alleged to be usurious must be correctly stated, and if not proved as laid, the defence will not avail.
3. Cumulative evidence will not lay ground for new trial.
4. Nor will judicial misdirection which is beneficial to the party seeking a retrial.

---

On rule to show cause.

Argued at November Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *James B. Vredenburgh.*

For the defendant, *Bedle, Muirheid & McGee.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a suit on a promissory note, on which the defendant is endorser, and the defence put

in at the trial was, that such note was infected with usury, that it was made in New York, and that by the statute of that state a contract so tainted was absolutely void. On the issue thus presented the verdict was in favor of the plaintiff, and supplementary testimony having been taken on a rule to show cause, the present motion is for a new trial.

But upon looking into the proceedings, it is manifest that a retrial of the case could not benefit the defendant, the reason of this being that receiving the case as he makes it in his proofs, the defence so made is not admissible under the plea which he has put in. At the common law, the defence of usury could be received under the general issue in an action of *assumpsit,* on the ground that as the statute avoided, *in toto,* the forbidden contract, such a course was consistent with the tneory on which the common bar in that form of action was founded. But by the one hundred and thirtieth section of the Practice act, (*Rev., p.* 868) it is declared that in actions on contracts made in another state, it shall not be lawful for a defendant to set up as a defence usury or illegality in the consideration, under the provisions of any statute of such state, unless the defendant shall plead such statute specially, and annex to such plea a note of the time when the same was passed. By force of this provision a special plea became necessary in the present case, and was accordingly put in, and it is this plea whose statements do not accord with the defence as the defendant endeavored to establish it before the jury. This discordance is this: in the plea it is alleged that the usurious contract was made on the 3d day of October, 1877, and was conditioned for forbearance for three months from that date, and on the trial the undisputed proof on both sides was that the contract was made on the 6th of said month of October. The time when the credit is to begin and when it is to end is a substantial part of contracts of this character, and it is, and always has been, the settled rule of law that in these defences, any misdescription of the agreement alleged to be usurious, is a fatal error. The authorities are all to this effect. Thus, in *Carlisle* v. *Trears, Cowp.* 671, the corrupt contract was stated

as having been made on the 21st of December, 1874, and the proof showed that it had been entered into on the 23d day of that month, and it was declared that such misstatement was incurably bad, Lord Mansfield saying, "the usurious contract must be proved as laid." The case of *Harris* v. *Hudson*, 4 *Esp.* 152, is in all respects in point, for in that instance there was the difference of one day between the statement of the pleading and the verification of the proofs, and Lord Ellenborough's decision, in his own language, was: "The day is material; it ascertains the time of forbearance; and it is a fatal variance." Other cases holding the same doctrine are gathered in the notes to the case of *Ferrall* v. *Shaen*, 1 *Saund.* 295.

But apart from this irremediable defect, I have found nothing in the proceedings which could lead this court to order a rehearing of the cause. On the issue of usury the case was tried, in the main, on the testimony of the respective parties, and the additional evidence is simply cumulative in support of the oath of the defendant. None of this auxiliary testimony was, in a legal sense, newly discovered, and all of it, if reasonable diligence had been used, could have been produced at the trial. Under such circumstances a new trial is never granted.

Nor is there any solidity in the other ground urged for a retrial. The note was an accommodation endorsement made by the defendant, and the court charged the jury "that if they should find it true from the evidence that the advance made by Mr. Rickerson at the time of the negotiation was only about $1000, and the usury fails to be proved, the jury would be justified in reducing the verdict to the sum of $1000 and interest." The note sued on was in the sum of $1060, and the jury found the sum of $1020 and interest. The defendant, under the force of this state of facts, now insists that the transaction on the part of the plaintiff was either a loan or the purchase of the note, and that if it was the former, it was by the verdict shown to have been usurious, and if it was the latter, the recovery should have been for the entire face of the

note and the interest. But the fallacy of this contention is, that the jury have negatived the fact of usury by finding any sum for the plaintiff, and that if they made a deduction wrongfully, it was in accordance with the judicial instruction; and if there was error in that instruction it has proved beneficial to the defendant and he cannot complain of it.

The rule must be discharged.